# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JANE DOE #1, a minor, by her mother
and next friend, JANE DOE #2,**
      **Plaintiff,**

    v.                                          Case No. 23-C-0876

**MUKWONAGO AREA SCHOOL
DISTRICT and JOE KOCH, in his
Official capacity as Superintendent of
The Mukwonago Area School District,**
      **Defendants.**

---

## TEMPORARY RESTRAINING ORDER

Before the court is plaintiff's emergency motion for a temporary restraining order and preliminary injunction. Defendants have filed a written response to the motion, and plaintiff has filed a reply. For the reasons stated briefly below, the motion for a temporary restraining order will be granted. The court will take the motion for a preliminary injunction under advisement and issue a separate, more detailed opinion on the motion soon.

Plaintiff Jane Doe #1, by her mother and next friend Jane Doe #2,[1] is an eleven-year-old girl and incoming sixth grade student in the Mukwonago Area School District ("MASD"). Plaintiff was designated "male" on her birth certificate, but she has identified as female since the age of three. She has lived as a girl and participated with girls in gender-separate school activities. She has used the girls' bathroom at school since

---

[1] Plaintiff has sought permission to litigate under a pseudonym because she is a minor. *See* Fed. R. Civ. P. 5.2(a). The court will grant such permission.

moving to the district and beginning third grade. She has been diagnosed with gender dysphoria.

Plaintiff is currently attending summer school at a school within the MASD. Although she has used the girls' bathroom without incident since beginning third grade, on June 16, 2023, the superintendent of the district (defendant Joe Koch) informed plaintiff's mother that she would be required to use either the boys' bathroom or a gender-neutral bathroom at the school. More recently, defendants have begun enforcing this policy against plaintiff. Defendants' refusal to permit plaintiff to continue using the girls' bathroom as she has for years has caused plaintiff to suffer severe emotional distress and mental health effects, including thoughts of self-ham, nightmares, embarrassment, social isolation and stigma, and lowered self-esteem.

Plaintiff commenced this lawsuit under Title IX of the Education Amendments Act of 1972 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. She alleges that defendants' refusal to allow her continued access to the girls' bathroom violates these provisions of law, and that their refusal is causing irreparable mental and emotional harm and creating a risk of physical harm, including self-harm and a worsening of gastrointestinal issues. She seeks immediate relief to restore her access to the restrooms and prevent this ongoing harm during the pendency of this litigation.

District courts generally consider the same standards that apply to preliminary injunctions when determining whether a plaintiff is entitled to a temporary restraining order under Federal Rule of Civil Procedure 65. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008).

Based on *Whitaker By Whitaker v. Kenosha Unified School District*, 858 F.3d 1034 (7th Cir. 2017), I conclude that plaintiff is likely to succeed on the merits. There, the Seventh Circuit held that both Title IX and the Equal Protection Clause prevent discrimination against transgender individuals under circumstances identical to those present here. The court held, among other things, that a "policy that requires an individual to use a bathroom that does not conform with his or her gender identity punishes that individual for his or her gender non-conformance." *Id.* at 1049. The court further held that "[p]roviding a gender-neutral alternative is not sufficient to relieve the School District from liability, as it is the policy itself which violates [Title IX]." *Id.* at 1050. These holdings give plaintiff a likelihood of success on her claims.

Moreover, plaintiff will suffer significant irreparable harm without a temporary restraining order. Defendants have begun enforcing the policy against plaintiff and are currently causing her to experience emotional and mental harms, as the following email from plaintiff to her mother demonstrates:

> Mrs. Shultz, and the principal just brought me into the special Ed office to just give me a "Reminder" that "The school board has expectations" (☹). And that I have to use the boys' bathroom or a gender neutral restroom 😭😭😭. I think I need to come home, and the school is going to call you as well. So Please come pick me up **BEFORE** they call please. I am trying to hold back my emotions. So please hurry!😭😭😭😭😭😭😭

(ECF No. 5-10.) On the other side of the balance, if a restraining order is granted, defendants will not suffer significant harm. The only reason the defendants have provided for the policy is that some district parents and community members have expressed

3

unspecified "concerns" regarding plaintiff's use of the girls' bathroom. (ECF No. 9 at 3.) But plaintiff has used the girls' bathroom at her school for years prior to the adoption of the policy, and no harm has resulted. Further, only a few days of summer school remain, and it is exceedingly unlikely that any harm could occur during this time. Finally, the Seventh Circuit in *Whitaker* rejected the idea that discrimination of the sort defendants are perpetrating can be justified based on complaints by a few parents and community members. 858 F.3d at 1052–53. The same analysis applies to the public-interest factor, which therefore weighs in favor of issuing a restraining order. *Id.* at 1054.

The court finds that plaintiff is not required to post a bond or other security because there is no danger that defendants will incur damages from the restraining order. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010).

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for a temporary restraining order is **GRANTED**. The Mukwonago Area School District, Superintendent Joe Koch, and all officers, employees, and agents of defendants, are hereby restrained from: (1) enforcing against plaintiff any policy, practice, or custom that denies plaintiff access to girls' restrooms at school and school-sponsored events; and (2) taking any formal or informal disciplinary action against plaintiff for using girls' restrooms at school and school-sponsored events.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2023, at 10:30 a.m.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge