UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE DOE #1, a minor, by her mother and next friend, JANE DOE #2,<br><br>              Plaintiff,<br><br>   v.<br><br>MUKWONAGO AREA SCHOOL DISTRICT and JOE KOCH, in his official capacity as Superintendent of the Mukwonago Area School District,<br><br>              Defendant. | Civ. Action No. 2:23-cv-876-LA |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

Plaintiff Jane Doe #1 and mother and next friend Jane Doe #2 (hereinafter, "Does") respectfully request leave to continue to proceed in this lawsuit using pseudonyms pursuant to Civil Local Rule 10(c). The Does request to proceed anonymously because they fear that publicly disclosing the identity of Jane Doe #1—an eleven-year-old transgender girl—could lead to violation of her privacy, social stigma, retaliation, and other emotional and physical harms, and because disclosing the identity of Jane Doe #2 would necessarily disclose the identity of Jane Doe #1, her daughter. Their anonymity, if granted, will not prejudice the defendants, and the Does' privacy interests far outweigh the public's interest in knowing their identities.

While the Court has already indicated its assent to the use of pseudonyms, *see* Decision & Order (Dkt. 15) (July 11, 2023) at 1 n.1; Temporary Restraining Order (Dkt. 14) (July 6, 2023) at 1 n.1, Plaintiffs file this motion to comply in full with the Local Rules.

## LEGAL STANDARD

The Seventh Circuit recognizes that parties to a lawsuit may proceed using pseudonyms when warranted under certain circumstances. *See, e.g.*, *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842–43 (7th Cir. 2012). Although the Seventh Circuit has not articulated a test for determining when circumstances justify allowing a party to proceed using a pseudonym, it has instructed that "fictitious names are allowed when necessary to protect the privacy of children . . . and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). In the absence of a specific test, courts in this Circuit have turned to the list of elements laid out by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2nd Cir. 2008). *See, e.g.*, *Doe I v. Univ. of Ill.*, No. 18-CV-2227, 2019 WL 13292936, at *3 (C.D. Ill. Feb. 14, 2019). The *Sealed* factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or

otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d at 190 (cleaned up).

## ARGUMENT

### I.   The *Sealed* Factors Weigh Heavily in Favor of Allowing Jane Doe #1 to Continue to Use a Pseudonym

The *Sealed* factors point emphatically toward allowing Jane Doe #1 to proceed anonymously. Courts applying the *Sealed* factors and other similar lists have allowed litigants to proceed using pseudonyms even where multiple factors were neutral or inapplicable. *See, e.g.*, *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017). In this case, all ten factors favor the use of a pseudonym:

1. Jane Doe #1's gender identity, sex assigned at birth, and gender expression are highly sensitive and personal. Already, parents in Jane Doe #1's school district have asked school officials inappropriate questions about her genitals, underscoring the highly sensitive nature of the issues involved in this case. *See* Dkt. 5-32 (June 30, 2023) at ¶ 12.

2. Identification of Jane Doe #1 poses a risk to her of retaliatory physical or mental harm. As the Seventh Circuit has recognized, where a case is "intimately tied to District schools," it "frequently has a tendency to inflame unreasonably some individuals," thus justifying the use of pseudonyms. *Elmbrook Sch. Dist.*, 658 F.3d at 724. This tendency has come to fruition here, *see, e.g.*, Dkt. 5-32 (June 30, 2023) at ¶ 12 (defamatory Facebook posts), ¶ 32 (bullying and harassment), and the risks of retaliatory harm only stand to increase if Jane Doe #1's identity is disclosed.

3. Identification of Jane Doe #1 presents a risk of other severe harms, including the exact harms being litigated against. Among other injuries, this litigation is based on the "stigmatizing, isolating nature of being forced to use a segregated bathroom apart from every other classmate" and Defendants' "singl[ing] her out as different from all other girls." Compl. (Dkt. 1) (June 30, 2023) at ¶¶ 40, 57. Forced disclosure of her identity would further inflict these harms by placing her at the center of an ongoing, high-stakes dispute.

4. The plaintiff is particularly vulnerable to the possible harms of disclosure as an eleven-year-old. The Seventh Circuit has repeatedly endorsed the use of pseudonyms for minors to shield their identities from public view. *See Blue Cross & Blue Shield United of Wis.*, 112 F.3d at 872 (7th Cir. 1997); *City of Chicago*, 360 F.3d at 669.

5. This suit is challenging the actions of the government, not private parties. In such suits "'the plaintiff's interest in proceeding anonymously is considered particularly strong,' in part because 'the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.'" *Doe v. Trustees of Ind. Univ.*, 577 F. Supp. 3d 896, 903 (S.D. Ind. 2022) (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

6. The defendant is not prejudiced by allowing the plaintiff to press her claims anonymously. This is not a case where anonymity "provides a shield behind which defamatory charges may be launched without shame or liability." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). To the contrary, this litigation involves a factual matter—Defendants' adoption of policies and practices that discriminate against transgender students—that is largely in the public record and not dependent on the particular identity of the Plaintiff.

4

7. Jane Doe #1's identity has thus far been shielded from public view. Although there are members of the community that are aware of her identity, "[t]hat certain individuals . . . know Plaintiff's identity does not negate the confidentiality of Plaintiff's identity," especially where that identity has not been revealed in "press releases, media coverage, or even a publicly viewable website," *Doe v. Purdue Univ.*, No. 4:19-CV-56-TLS-JPK, 2019 WL 3887165, at *4 (N.D. Ind. Aug. 19, 2019), which is the case here.

8. The public's interest in this litigation is not furthered by requiring Jane Doe #1 to reveal her identity. Federal Rule of Civil Procedure 5.2(a) would already require Jane Doe #1 to be referred to by her initials, recognizing that the public interest supports *protecting*, not disclosing, a minor's identity.

9. The core of the controversy presented in this litigation is purely legal, making for an atypically weak public interest in knowing Jane Doe #1's identity. The issue presented is straightforward: does MASD's bathroom policy impermissibly discriminate based on gender in violation of the Equal Protection Clause and Title IX? Public identification of Jane Doe #1 thus does not serve the public's general interest in knowing the identity of litigants.

10. There are no other suitable alternatives for protecting Jane Doe #1's confidentiality.

At bottom, consideration of these ten factors shows that Jane Doe #1's interest in protecting her confidentiality and the public interest in maintaining the privacy of minors is high, while the public's interest in knowing Jane Doe #1's identity and the potential for prejudice to Defendants is quite low. Therefore, because "the harm to Plaintiff exceeds the likely harm from concealment," *Purdue Univ.*, 321 F.R.D. at 343, Jane Doe #1's continued use of a pseudonym is warranted.

## II. Jane Doe #2 Should Be Afforded Anonymity to Protect the Identify of Her Daughter, Jane Doe #1

Shielding Jane Doe #2's identity is necessary to protect the anonymity of Jane Doe #1. In a case involving a mix of adult and child plaintiffs, the Seventh Circuit affirmed a district court's order allowing all plaintiffs to proceed under pseudonyms because "[i]dentifying these adult plaintiffs also would expose the identities of their children." *Elmbrook Sch. Dist.*, 658 F.3d at 724. That same logic applies here, where exposure of Jane Doe #2's identity would have the effect of revealing Jane Doe #1's identity. The argument for anonymity is even stronger in this case than in *Elmbrook*: Jane Doe #2 is not a party to this proceeding, but rather is an agent whose role is to protect the interests of Jane Doe #1. Therefore, the public's interest in knowing the identity of litigants—which was present in *Elmbrook*, as there were adult plaintiffs—does not apply at all to Jane Doe #2.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court permit Jane Doe #1 and Jane Doe #2 to proceed under pseudonyms.

Dated: July 21, 2023

Respectfully submitted,

| | |
|---|---|
| | /s/ Alexa Milton |
| Victoria Davis | Alexa Milton |
| Robert (Rock) Theine Pledl | Glenn Schlactus** |
| DAVIS & PLEDL S.C. | Emily Curran |
| 1661 N. Water Street, Suite 410 | Nicholas Abbott |
| Milwaukee, WI 53202 | Gemma Donofrio* |
| Phone: (414) 667-0390 | RELMAN COLFAX PLLC |
| vldd@davisandpledl.com | 1225 19th Street NW, Suite 600 |
| rtp@davisandpledl.com | Washington, DC 20036 |
| | Phone: (202) 728-1888 |

6

Fax: (202) 728-0848
amilton@relmanlaw.com
gschlactus@relmanlaw.com
ecurran@relmanlaw.com
nabbottt@relmanlaw.com
gdonofrio@relmanlaw.com

*\*\* Application for admission to this Court forthcoming*
*\*Admission to this Court pending*

*Attorneys for Plaintiffs*