UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE DOE #1, a minor,
by her mother and next friend, JANE DOE #2,

    Plaintiff,

        v.

MUKWONAGO AREA SCHOOL DISTRICT,
and JOSEPH KOCH, in his official capacity as
Superintendent of Mukwonago Area School District,

    Defendants.

Case No.: 2:23-cv-876

## DEFENDANTS' EXPEDITED NON-DISPOSITIVE MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendants, Mukwonago Area School District ("District") and Joseph Koch, through their undersigned counsel, and pursuant to Civil L. R. 7(h) and this Court's inherent powers[1], hereby move this Court to stay all further proceedings in this matter until the United States Court of Appeals for the Seventh Circuit issues a ruling in Defendants' appeal of the preliminary injunction entered by this Court on July 11, 2023. [Dkt. ##15, 16].

    I.    On July 11, 2023, the Honorable Lynn Adelman entered an order granting Plaintiff's request for a preliminary injunction, prohibiting Defendants from: (1) enforcing against Jane Doe #1 (whose sex was assigned "male" at birth) any policy, practice, or custom that denies Jane Doe #1 access to girls' restrooms at school and school-sponsored events; and (2) taking any

---

[1] *Williams v. CashCall, Inc.*, 92 F. Supp. 3d 847 (E.D. Wis. 2015) ("District courts have broad discretion in determining whether to stay proceedings."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

1

formal or informal disciplinary action against Jane Doe #1 for using girls' restrooms at school and school-sponsored events.

II. Defendants appealed the preliminary injunction to the United States Court of Appeals for the Seventh Circuit on August 9, 2023. [Dkt. #24].

III. In reviewing the preliminary injunction on appeal, the United States Court of Appeals for the Seventh Circuit will evaluate—among other factors—whether Defendants are likely to succeed on the merits. This Court will be assessing the same question when this case proceeds at the district court level. Accordingly, allowing Plaintiff's lawsuit to proceed below while the Seventh Circuit simultaneously reviews the underlying injunction would result in an unnecessary waste of this Court's time and the parties' resources.

IV. Given the early stage of litigation, the substantive and procedural clarity a stay would engender,[2] and the fact that a stay would not unduly prejudice or present a clear tactical disadvantage to Plaintiff, a stay is therefore appropriate in the case at bar.

V. Importantly, Defendants are <u>not</u> asking this Court to stay the preliminary injunction entered on July 11, 2023, but simply request this Court stay district court proceedings pending resolution of their appeal. The preliminary injunction would remain in place undercutting any claimed harm to Plaintiff in granting the stay pending decision by the Court of Appeals.

NOW, THEREFORE, Defendants respectfully request this Court stay all further matters in this case until 30 days after the United States Court of Appeals for the Seventh Circuit issues its

---

[2] As indicated in Defendants' Notice of Appeal, the Order granting the preliminary injunction was based on legal conclusions made without hearing testimony from either party on the purported irreparable harm and implicated public interest. [Dkt. #24]. Therefore, the Seventh Circuit will likely require this Court to hear evidence on these questions before proceeding further. *See Wheeler v. Talbot*, 770 F.3d 550, 554 (7th Cir. 2014) (stating the court must hear from the defendants and receive evidence on the issues raised before the "extraordinary step of awarding injunctive relief."). As such, a stay would simply adjudication of the case. *See CashCall, Inc.*, 92 F. Supp. 3d at 856.

mandate in the appeal of this Court's preliminary injunction order or the appeal has otherwise been finalized, and for all other proper relief.

Dated this 21st day of August, 2023.

Respectfully submitted,

*/s/ Joel S. Aziere*

Joel S. Aziere
jaziere@buelowvetter.com
Corinne T. Duffy
cduffy@buelowvetter.com
**Buelow Vetter Buikema Olson & Vliet, LLC**
20855 N Watertown Road, Suite 200
Waukesha, WI 53186
Phone: (262) 364-0300
Fax: (262) 264-0320

*Attorneys for Defendants Mukwonago Area School District and Joseph Koch*