UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE DOE #1, a minor, by her mother and next friend, JANE DOE #2,<br><br>Plaintiff,<br><br>v.<br><br>MUKWONAGO AREA SCHOOL DISTRICT and JOE KOCH, in his official capacity as Superintendent of the Mukwonago Area School District,<br><br>Defendants. | Civ. Action No. 2:23-cv-876 |

## PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff Jane Doe #1, by her mother and next friend Jane Doe #2, ("Plaintiff"), respectfully requests, pursuant to Fed. R. Civ. P. 54(b) and 62(d) and this Court's inherent powers, that the Court lift the stay of proceedings currently in effect, *see* Dkt. 42, for the limited purpose of permitting consideration of Plaintiff's Motion for Voluntary Dissolution of Preliminary Injunction (attached as Exhibit 1). As explained in that motion, Plaintiff is no longer attending a school operated by Defendants, and she will no longer be attending her brother's sporting events at Defendants' facilities because he graduated from high school last month.

This Court issued a preliminary injunction, Dkt. 16, in this case on July 11, 2023, requiring that Defendant Mukwonago Area School District ("MASD" or "the District") allow Plaintiff, a transgender girl, to use the girls' restrooms at school. Defendants appealed and the district court proceedings were stayed through the completion of the appeal process. Dkt. 42. The

stay remains in effect.[1]

As explained in further detail in Plaintiffs' Motion for Voluntary Dissolution, the factual circumstances that originally necessitated the preliminary injunctive relief have changed. As a result, the injunction is no longer necessary to prevent Plaintiff from suffering irreparable harm due to the application of Defendants' discriminatory bathroom policy. Plaintiff therefore intends to move this Court to dissolve the preliminary injunction, and requests that the Court lift the stay in order to allow briefing on that motion to occur.[2]

District courts have the inherent power to manage their dockets, including the authority to determine whether proceedings should (or should not) be stayed. *See, e.g.*, *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2004) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Lifting the stay to permit briefing on Plaintiff's Motion for Voluntary Dissolution of Preliminary Injunction is appropriate here. Indeed, the Federal Rules of Appellate Procedure provide that Plaintiff's motion is properly made in the district court in the first instance. *See* Fed. R. App. P. 8(a)(1) (providing that "[a] party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."). Furthermore, this Court possesses the power to consider Plaintiff's proposed Motion for Voluntary Dissolution of

---

[1] The U.S. Circuit Court of Appeals for the Seventh Circuit initially issued a decision upholding the preliminary injunction, but subsequently vacated that decision and requested further briefing regarding the effects of the U.S. Supreme Court's recent opinion in *United States v. Skrmetti*, No. 23-477, 2025 WL 1698785 (June 18, 2025). *See D.P. by A.B. v. Mukwonago Area Sch. Dist.*, 140 F.4th 826 (7th Cir. 2025), *reh'g granted and opinion vacated*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025).

[2] Plaintiff is concurrently filing a request with the U.S. Circuit Court of Appeals for the Seventh Circuit to stay the appellate briefing deadlines now in effect pending resolution of this motion and, if it is granted, the accompanying Motion for Voluntary Dissolution.

Preliminary Injunction, notwithstanding the pending appeal. *See* Fed. R. Civ. P. 62(d) (specifically providing that "while an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."); *see also* Fed. R. Civ. P. 54(b) (providing that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").[3]

Plaintiff advised Defendants of her intent to seek this relief on Friday June 18, 2025 and inquired whether Defendants would consent. Counsel for Defendants indicated that he would take the request to the MASD Board and expected to have further information about its position later this week.

Dated: July 23, 2025

Respectfully submitted,

/s/ Alexa Milton
Alexa Milton
Glenn Schlactus
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Phone: (202) 728-1888
Fax: (202) 728-0848
amilton@relmanlaw.com
gschlactus@relmanlaw.com

Victoria Davis
Robert (Rock) Theine Pledl
DAVIS & PLEDL S.C.
1661 N. Water Street, Suite 410
Milwaukee, WI 53202

---

[3] Alternatively, if this Court believes it does not have jurisdiction to dissolve the preliminary injunction in this matter while the appeal is pending, the Court may still consider the request under the indicative ruling process outlined in Fed. R. Civ. P. 62.1. Either way, lifting the stay to permit consideration of Plaintiff's Motion for Voluntary Dissolution is appropriate here.

Phone: (414) 667-0390
vldd@davisandpledl.com
rtp@davisandpledl.com

*Attorneys for Plaintiff*