# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE DOE #1, a minor, by her mother and next friend, JANE DOE #2,<br><br>      Plaintiff,<br><br>    v.<br><br>MUKWONAGO AREA SCHOOL DISTRICT and JOE KOCH, in his official capacity as Superintendent of the Mukwonago Area School District,<br><br>      Defendants. | Civ. Action No. 2:23-cv-876 |

## PLAINTIFF'S MOTION FOR VOLUNTARY DISSOLUTION OF PRELIMINARY INJUNCTION

Plaintiff Jane Doe #1, by her mother and next friend Jane Doe #2, ("Plaintiff"), respectfully moves the Court to dissolve the preliminary injunction issued in this case, Dkt. 16., pursuant to Fed. R. Civ. P. 54(b) and 62(d) (or, in the alternative, 62.1) because changed circumstances indicate that the injunction is no longer serving its intended purpose or necessary to prevent irreparable harm to Plaintiff.

### FACTUAL BACKGROUND

At the time Plaintiff initiated this litigation and sought preliminary injunctive relief, she had attended Mukwonago Area School District ("MASD" or the "District") for several years, was currently a student at an MASD summer school program, and was being subjected to the District's then-new discriminatory bathroom policy on a daily basis. This Court rightly found that the District's actions were subjecting Plaintiff to irreparable harm, and that she was likely to succeed on the merits of her claims. Dkt. 15. It therefore issued a preliminary injunction

prohibiting the District from applying its discriminatory bathroom policy to Plaintiff. Dkt. 16. Defendants filed a notice of appeal on August 9, 2023, Dkt. 24, and that appeal remains pending. *See D.P. by A.B. v. Mukwonago Area Sch. Dist.*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025) (vacating prior opinion and ordering additional briefing).

The circumstances that led to Plaintiff's request for preliminary injunctive relief, and which underpinned this Court's decision to grant said relief, have since changed. While Plaintiff remains a student of the District, she is currently attending school at an alternative private school placement that can serve her disability-related needs, pursuant to her Individualized Education Program ("IEP") with the District. Decl. of Jane Doe #2 (Exhibit A) at ¶¶ 2–3 . She has been attending that alternative school placement since Fall 2024, and expects to remain there for, at a minimum, the upcoming academic year. *Id.* at ¶ 4. As a result, she is no longer subjected to Defendants' discriminatory bathroom policy as a condition of her school attendance.

Outside of formal school attendance, Plaintiff has also regularly visited MASD facilities to attend community events with her family, in particular sporting events in which her older brother, a Mukwonago High School student, was a participant. *Id.* at ¶ 6. During her attendance at these events, she sometimes has needed to use the restroom, which she was able to do so safely pursuant to this Court's preliminary injunction. *Id.* at ¶ 7 In June 2025, however, her brother graduated from the high school, and as a result she will no longer be attending his events with her family at MASD facilities. *Id.* at ¶¶ 5, 8–9.

Given these changed circumstances, Plaintiff is no longer attending events at MASD school facilities. *Id.* at ¶¶ 8–9. As a result, Plaintiff is no longer regularly subjected to Defendants' bathroom policy, and no longer requires the protection of the preliminary injunction while this case proceeds.

## ARGUMENT

I. **<u>Dissolution of the Preliminary Injunction is Appropriate Given the Changed Circumstances</u>**

District courts have the authority, pursuant to Federal Rule of Civil Procedure 65, to grant preliminary injunctions. Fed. R. Civ. P. 65. They also have "wide discretion" to subsequently modify or vacate such injunctions based on changed circumstances or new facts. *Sys. Fed'n No. 91 v. Wright,* 364 U.S. 642, 647–48 (1961) *See also St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627 (7th Cir. 2007) ("any injunction issued by a court of equity is itself subject to later modification," as "[c]ourts grant injunctive relief with the understanding that there will be an 'opportunity for modifying or vacating [the] injunction when its continuance is no longer warranted' ") (quoting *Milk Wagon Drivers Union v. Meadowmoor Dairies,* 312 U.S. 287, 298 (1941)). Whether to grant a request for dissolution is a matter the Court may determine by exercise of its sound discretion. *See Centurion Reinsurance Co. v. Singer,* 810 U.S. 140, 143 (7th Cir.1987) (noting that the standard of appellate review for such an order is abuse of discretion).

In evaluating a request to dissolve a preliminary injunction, the district court must normally consider "the expected cost of dissolving the injunction—considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error—greater or less than the expected cost of not dissolving the injunction." *Centurion Reinsurance Co.,* 810 F.2d at 143. As the *Centurion* court recognized, however, this analysis is simplified when the party protected by the injunction is the one seeking its dissolution. *See id.* (noting that in the "peculiar circumstances" of that case, where the plaintiff who had originally obtained the preliminary injunction now sough its dissolution, the district court "didn't have to" go through all of the steps of this balancing test). In such a

3

situation, because the "injunction did not run in favor of [the Defendant] . . . he had no equity in resisting its dissolution . . . [n]or could he be harmed by it." *Centurion Reinsurance Co.*, 810 F.2d at 143.

The same is true here. The preliminary injunction was sought by Plaintiff, and it runs in favor of her: protecting her from the application of Defendants' discriminatory bathroom policy. Defendants are constrained by the injunction, not benefitted. They therefore could not be harmed by its dissolution, and have no equity in resisting it.

## II. This Court Has Jurisdiction to Enter the Requested Relief, or, in the Alternative, Should Issue an Indicative Ruling Under Rule 62.1

Federal Rule of Appellate Procedure 8(a)(1) directs parties seeking "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending" to "ordinarily move first in the district court" for the requested relief. Plaintiff thus brings her motion for the dissolution of the preliminary injunction before this court. Plaintiff recognizes the general rule is that when a party files an appeal, the district court is divested of jurisdiction over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This rule, however, is not absolute. *See, e.g.*, *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("That rule has several qualifications . . . perhaps the foremost of which is that an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.").

One of those exceptions is codified in Federal Rule of Procedure 62(d), which provides that while an interlocutory appeal of an injunction is pending, a district court nevertheless "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). As one District Court in the Seventh Circuit explained, "there is substantial authority for the proposition that a district court may dissolve or

4

modify a preliminary injunction order based on the presentation of new facts even after an appeal has been taken." *Luxottica Grp. S.P.A. v. Light in the Box Ltd.*, No. 16-CV-05314, 2016 WL 6092636, at *6 n.5 (N.D. Ill. Oct. 19, 2016). The use of 62(d) here would be consistent with the underlying purposes animating the *Griggs* rule. As the Seventh Circuit has noted, that rule is "designed to prevent conflict among tribunals, as well as to prevent the waste of time and money that occurs if the district court changes a judgment after an appeal has been briefed." *Wis. Mut. Ins. Co.*, 441 F.3d at 504. Here, the parties are about to engage in substantial briefing at the appellate court on a newly arisen legal issue related to the preliminary injunction, an expenditure of time and resources that is inappropriate where Plaintiff is no longer benefitting from the protections of the injunction at issue due to the changed circumstances.

For the foregoing reasons, Plaintiff respectfully submits that this Court has jurisdiction to grant the requested dissolution of the preliminary injunction. In the alternative, if the Court determines that it does not have jurisdiction to dissolve the preliminary injunction due to the pending appeal, Plaintiff requests that the Court enter an indicative ruling under Rule 61.1 stating that "it would grant [Plaintiff's] motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 61.1(a)(3).

Dated: July 23, 2025

Respectfully submitted,

/s/ Alexa Milton
Alexa Milton
Glenn Schlactus
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Phone: (202) 728-1888
Fax: (202) 728-0848
amilton@relmanlaw.com
gschlactus@relmanlaw.com

5

Victoria Davis
Robert (Rock) Theine Pledl
DAVIS & PLEDL S.C.
1661 N. Water Street, Suite 410
Milwaukee, WI 53202
Phone: (414) 667-0390
vldd@davisandpledl.com
rtp@davisandpledl.com

*Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jane Doe #1, a minor, by her mother and next friend, Jane Doe #2,<br><br>        Plaintiff,<br><br>   v.<br><br>MUKWONAGO AREA SCHOOL DISTRICT and JOE KOCH, in his official capacity as Superintendent of the Mukwonago Area School District,<br><br>        Defendant. | Civ. Action No. 2:23-cv-876 |

### DECLARATION OF JANE DOE #2

1. I am the party referred to as Jane Doe #2 in the above-captioned action. I am the mother of Jane Doe #1 (hereafter referred to as "Jane"), the Plaintiff in this action. I am over the age of eighteen and am competent to make this Declaration. I have personal knowledge of the matters stated in this Declaration.

2. Pursuant to her Individualized Education Program ("IEP"), Jane is currently attending a private alternative school that can better serve her disability-related needs.

3. Jane remains a student of Mukwonago Area School District ("MASD"), and the District is paying for her attendance at the alternative school.

4. She attended this school for the 2024-2025 school year, and is currently attending summer school there. She will also be attending this school during the upcoming 2025-2026 school year.

5. Jane has two older siblings, who both attended MASD schools. My oldest

1

daughter graduated from Mukwonago High a couple of years ago. My son graduated from Mukwonago High last month, in June 2025.

6. Prior to his graduation, my son was on two different Mukwonago High varsity teams. As a result, we regularly attended MASD athletic events as a family to support him, including games and all-day tournaments, many at MASD school facilities.

7. Because of the length of these events, Jane often needed to use the restrooms while attending events at MASD facilities, and was able to use the girls' restroom because of the preliminary injunction in this case.

8. Now that my son has graduated, we no longer have a need to attend these events at MASD facilities to support him.

9. Given her brother's graduation and her attendance at the alternative school placement, I have no expectation of Jane attending functions at MASD schools.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed in the United States on July 23, 2025

By: _____
Jane Doe #2

2

Case 2:23-cv-00876-LA   Filed 07/23/25   Page 10 of 11   Document 48-1

| | |
|---|---|
| JANE DOE #1, a minor, by her mother and next friend, JANE DOE #2,<br><br>      Plaintiff,<br><br>  v.<br><br>MUKWONAGO AREA SCHOOL DISTRICT and JOE KOCH, in his official capacity as Superintendent of the Mukwonago Area School District,<br><br>      Defendant. | Civ. Action No. 2:23-cv-876 |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Voluntary Dissolution of Preliminary Injunction, Dkt. 49, and the parties' submissions with respect thereto, it is hereby ORDERED that the Motion is granted for good cause shown, and that the preliminary injunction issued in this case, Dkt. 16, is hereby DISSOLVED.

DATED:

                       _____
                       Hon. Lynn Adelman
                       United States District Judge