UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE DOE #1, a minor,
by her mother and next friend, JANE DOE #2,

    Plaintiffs,

v.

    Case No.: 2:23-cv-876

MUKWONAGO AREA SCHOOL DISTRICT
and JOSEPH KOCH,

    Defendants.

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF AND/OR FOR LEAVE TO FILE SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS TO LIFT STAY FOR VOLUNTARY DISSOLUTION OF PRELIMINARY INJUNCTION**

In Plaintiff's reply brief [Dkt. #58], Plaintiff's counsel, Alexa Milton, makes such egregious misrepresentations of law and fact, they must be addressed. Attorney Milton's unfamiliarity with the IDEA and the IEP process would be understandable. But Plaintiff's reply brief is not simply illustrative of a lack of understanding of the relevant law. Instead, Plaintiff's reply brief goes well beyond a mere misunderstanding of the law and instead evinces a knowing attempt to misstate the law in an effort to mislead this Court.

And contrary to Plaintiff's assertions, nothing about the July 24, 2025, IEP team meeting was "highly irregular," "self-interested," or a "departure from the normal IEP process." Perhaps the most troubling aspect of these allegations penned by Attorney Milton is the fact ***Plaintiff's local counsel, Victoria Davis (<u>whose name is on all pleadings in this case</u>), is on the IEP Team, participated in the July 24, 2025, IEP team meeting, raised no issues about the meeting, and was part of the consensus resulting in the final IEP and placement of Jane Doe #1***. It is difficult to understand why counsel located in Washington, D.C. is complaining about a process in which

1

counsel located here in Milwaukee, Wisconsin participated. It certainly would appear Plaintiff's various counsel have different agendas. While local counsel is acting in accordance with the IDEA, Washington, D.C. counsel is seeking only to evade review by the Seventh Circuit.[1]

In addition, Plaintiff's reply brief contains new factual allegations and legal assertions raised for the very first time. For these reasons, Plaintiff's reply brief must be stricken in its entirety pursuant to Civil L. R. 7(d), General L. R. 83(f), and Fed. R. Civ. Pro. 12(f). In addition to or in the alternative, MASD must be given the opportunity to respond to Plaintiff's reply brief pursuant to Civil L. R. 7(i). Defendants Mukwonago Area School District and Joesph Koch, by and through their undersigned counsel, respectfully move for either or both.

Finally, while Plaintiff's motions have absolutely no merit for the reasons set forth in Defendants' brief in opposition [Dkt. #49] and the reasons set forth in the attached Surreply Brief, should the Court choose to entertain the possibility of granting said motions, a hearing must first be held in order to address these issues and preserve a clean record for decision and review. Defendants' brief in opposition [Dkt. # 49], Plaintiff's Reply Brief [Dkt. #58], this motion, and the attached Surreply Brief illustrate in great detail the disputed facts, as well as the material misrepresentations of fact and law proffered by Plaintiff's counsel. While the Court has ample basis to deny the motions without the need for a hearing, should the Court find any basis for entertaining the possibility of granting Plaintiff's motions, Defendants respectfully request a hearing, with an opportunity to present evidence and argument on the motions.

---

[1] Attorney Milton's law firm profile supports this conclusion: "Alexa's practice has also included work on groundbreaking LGBTQ rights cases, including *Whitaker v. Kenosha Unified School District*, challenging the Wisconsin school system's discriminatory treatment of a transgender high school student." https://www.relmanlaw.com/team-alexa-milton.

## BASIS FOR MASD'S MOTIONS[2]

Plaintiff unbelievably asserts there is no reasonable expectation Jane Doe #1 will return to MASD for instruction, nor to participate in any activities or events, and that Jane Doe #1's IEP team placed Doe #1 in a restrictive alternative placement (i.e., Kradwell School) "indefinitely."

Jane Doe #1's IEP team did not and, according to the IDEA, cannot place Jane Doe #1 at Kradwell School "indefinitely." [Bowden Decl., ¶19]. Doing so would violate state and federal law, including but not limited to IDEA requirements to review the IEP (including placement) periodically but at least annually and to place Jane Doe #1 in the least restrictive environment appropriate. *See* 20 U.S.C. § 1412(5)(A); *see also* 34 C.F.R. § 300.114(a)(2).

Furthermore, as is well known by Jane Doe #2, Jane Doe #1's continued placement at Kradwell School is far from guaranteed and, instead, is at risk. On May 20, 2025, following Jane Doe #1's IEP meeting, Kradwell School representatives met separately with the MASD Director of Student Services. During this meeting, Kradwell School representatives stated that, unless Jane Doe #1 demonstrated significant improvement in their environment, Kradwell School would not continue Jane Doe #1's placement during the 2025-26 school year. [Bowden Decl., ¶21]. Following this meeting, Mary Schulte, Director/Principal of Kradwell School, sent Bowden a follow-up email documenting the discussion. [Bowden Decl., Ex. 2]. Attached to that email was an earlier email from Kradwell Dean of Students to Jane Doe #2 advising Jane Doe #2 of Jane Doe #1's conduct. Said email states, "this underscores what we were talking about with her social cues

---

[2] In accordance with Civil L. R. 7(i), Defendants' Surreply Brief is attached to and filed with this motion. The citations and declarations supporting the assertions set forth in this motion are contained therein. For purposes of Defendants' Motion to Strike Plaintiff's Reply Brief, the arguments contained in the attached Surreply Brief are incorporated by reference as if fully set forth herein. As such, even if leave to file Defendants' Surreply Brief is denied, the Court must consider the arguments contained therein for purposes of ruling on Defendants' Motion to Strike Plaintiff's Reply Brief.

and boundaries." [Bowden Decl., Ex. 2, p. 2]. This makes clear Jane Doe #2 was well aware of the issues Jane Doe #1 was having at Kradwell as those issues had been previously discussed.

On July 9, 2025, MASD learned of Jane Doe #1's extended absence from Kradwell due to an incident where Jane Doe #1 smashed her Tamagotchi, threatened to "murder the family" and threw a rock through a window. [Bowden Decl., Ex. 3, p. 1]. In addition, Kradwell noted issues with Jane Doe #1 including "attention seeking comments, exaggerations, lying." [Bowden Decl., Ex. 3, p. 1]. This resulted in the aforementioned School Wellness Action Plan (SWAP).

These incidents and the uncertainty regarding Jane Doe #1's placement for the upcoming 2025-26 school year necessitated a meeting of Jane Doe #1's IEP team. On July 22, 2025, the District's student services counsel and Plaintiff's counsel (Attorney Victoria Davis) conferred and confirmed the purpose of the meeting and mutual agreement to meet on July 24, 2025. After Plaintiff's counsel confirmed availability, the District sent a formal IEP Team Meeting Invitation to Jane Doe #1's parent. [Bowden Decl., ¶9]. Jane Doe #1's parent (i.e., Jane Doe #2) and Plaintiff's counsel (i.e., Attorney Davis) attended the July 24, 2025, IEP meeting and expressed no concerns before or during the IEP meeting regarding the scheduling process. [Bowden Decl., ¶10].

Jane Doe #1 also attended the July 24, 2025, IEP team meeting. When asked to share her perspective regarding MASD activities, Jane Doe #1 expressed "mixed feelings" and did not want to discuss it. [Bowden Decl., ¶12]. Plaintiff's counsel (i.e., Attorney Davis) and Jane Doe #1's parent (i.e., Jane Doe #2) indicated their goal is for Jane Doe #1 to return to MASD through the SOAR program for the 2026-27 school year. [Bowden Decl., ¶13]. When Jane Doe #1 took a break from the IEP meeting, the remaining IEP team members engaged in a thoughtful conversation regarding the need for a gradual transition back to MASD during the 2025-26 school year to ensure

4

a successful full-time return to the SOAR program the start of 2026-27. [Bowden Decl., ¶14]. This included consideration of activities Jane Doe #1 enjoys (such as theater, softball, and running) and utilizing time after Kradwell School's abbreviated school day to introduce Jane Doe #1 to the MASD environment and staff. [Bowden Decl. ¶15]. The IEP team specifically addressed the need for parent consent to exchange information with Jane Doe #1's therapist, ensuring collaboration with mental health providers regarding the plan for gradual re-entry. [Bowden Decl., ¶16].

Jane Doe #1's IEP team (including Doe #1's parent and Plaintiff's counsel) reached full consensus that, to support SOAR/MASD attendance in 2026-27, the team will explore gradual exposure to the MASD in 2025-26, discuss specifics at the August 20, 2025, IEP meeting, and continue the discussion in collaboration with Jane Doe #1's mental health provider throughout the school year. [Bowden Decl., ¶17]. Plaintiff's counsel (i.e., Attorney Davis) did not raise any objections nor express any disagreement with Jane Doe #1's gradual access to MASD at any time before, during or after the IEP team meeting. [Bowden Decl., ¶18].

In addition, at the July 24, 2025, IEP team meeting, Jane Doe #1's IEP team (including a Kradwell School representative) reached consensus that Jane Doe #1 may attend Kradwell School at the start of the 2025-26 school year. Kradwell School representatives, however, expressed concern that if Jane Doe #1 continues to require intensive out-of-class support, Kradwell School cannot sustain Jane Doe #1's placement. [Ex. 1, p. 19; Bowden Decl., ¶22]. The IEP team recognized that possibility and "will consider a continuum of educational placements at her August 20, 2025, IEP team meeting, including her current placement at Kradwell School, and the need for contingency plans." [Ex. 1, p. 18; Bowden Decl., ¶22].

Then on August 1, 2025, MASD learned of an additional behavioral incident involving Jane Doe #1 at Kradwell. [Bowden Decl., Ex. 4]. This incident involved Jane Doe #1 again

5

violating Kradwell's policies, of which Jane Doe #1 was well aware, further calling into question Jane Doe #1's continued attendance at Kradwell. [Bowden Decl., Ex. 4].

Contrary to that asserted in Plaintiff's reply brief, the IDEA does not grant the parent unilateral authority to determine Jane Doe #1's educational placement nor dictate the contents of Jane Doe #1's IEP. The District is solely and exclusively responsible for making a "free appropriate public education" available to Jane Doe #1. 20 U.S.C. § 1412(a)(1); 34 C.F.R. § 300.101(a). To safeguard the District's ability to fulfill this obligation, the U.S. Department of Education provides the following guidance where, but not as here, an IEP team fails to reach full consensus: "the public agency must determine the appropriate services and provide the parents with prior written notice of the agency's determinations regarding the child's educational program and of the parents' right to seek resolution of any disagreements by initiating an impartial due process hearing or filing a State complaint." *See Letter to Richards,* Office of Special Education Programs (January 7, 2010); *see also* Assistance to States for the Education of Children With Disabilities and Preschool Grants for Children With Disabilities, 71 Fed. Reg. 46661 (August 14, 2006); *see also* Information Update Bulletin 00.04, Wisconsin Department of Public Instruction (May 2000). Thus, nothing contained in Jane Doe #2's declaration, attached to Plaintiff's reply brief, is determinative of Jane Doe #1's placement during the upcoming school year.

In Plaintiff's reply brief, Plaintiff's counsel, Alexa Milton, makes material misrepresentations of law regarding the IDEA and the IEP process. Attorney Milton makes material misrepresentations of fact, which are contradicted by the actions of Plaintiff's counsel Victoria Davis. Plaintiff's motions were not brought in good faith, are not based on fact or law, and are wholly illogical. The Court has the right to be properly informed regarding the law and

6

the facts leading to the current IEP for Jane Doe #1. As such, this Honorable Court should strike Plaintiff's reply brief and/or permit the filing of Defendants' attached surreply brief.

## ARGUMENT IN SUPPORT OF MASD'S MOTIONS

As detailed above, Plaintiff's reply brief [Dkt. #58], contains serious and deliberate misrepresentations of both law and fact. In so doing, Plaintiff's counsel has derailed the orderly resolution of this case in an apparent effort to avoid a decision by the Seventh Circuit on the applicable law and on its merits. As a result, Plaintiff's reply brief must be stricken in its entirety pursuant to Civil L. R. 7(d), General L. R. 83(f), and Fed. R. Civ. Pro. 12(f). Or, at a minimum, MASD must be given the opportunity to respond to Plaintiff's reply brief pursuant to Civil L. R. 7(i).

This Court's local rules contemplate the situation in which the non-moving party is permitted to file what commonly is called a "surreply brief." Under Civil L.R. 7(i), "[a]ny paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to the motion requesting leave to file it." A request to file a surreply brief should be granted when a party is able to demonstrate a valid reason. *Watt v. County*, 210 F.Supp.3d 1078, 1082 (E.D. Wis. 2016) (citing *Meraz-Camacho v. United States*, 417 F. Appx 558, 559 (7th Cir. 2011) ("The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only *for valid reasons*.") (emphasis added).

In *Watt*, the plaintiff met her burden for leave to file a surreply because the defendant's reply brief presented arguments not in existence at the time defendant filed its motion for summary judgment. *Id.* at 1082. Here, the same rationale applies with even greater force: Plaintiff's reply brief advances blatantly inaccurate legal assertions and factual claims that were neither present in

7

nor reasonably anticipated from Plaintiff's opening motion. The section titled "Basis for MASD's Motions", *supra*, sets forth in detail these inaccurate legal assertions and false factual claims.

Because these blatant misrepresentations were first raised in Plaintiff's reply brief, Defendants had no opportunity to address them in their response brief. These new and inaccurate assertions go to the heart of the issues before the Court, making a surreply essential to correct the record and prevent prejudice. Accordingly, Defendants respectfully request the Court (1) strike Plaintiff's reply brief in its entirety under Civil L.R. 7(d), General L.R. 83(f), and Fed. R. Civ. Pro. 12(f) and/or (2) grant Defendants leave to file the attached Surreply Brief in Opposition to Plaintiff's Motion to Lift Stay and Motion for Voluntary Dissolution of Preliminary Injunction pursuant to Civil L.R. 7(i).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court: (1) strike Plaintiff's reply brief [Dkt. #58] in its entirety pursuant to Civil L. R. 7(d), General L. R. 83(f), and Fed. R. Civ. Pro. 12(f); or, (2) grant MASD's motion for leave pursuant to Civil L. R. 7(i) to file a surreply brief to address and respond to Plaintiff's reply brief; or (3) both.

Dated this 10th day of August, 2025.

Respectfully Submitted,

BUELOW VETTER BUIKEMA OLSON
& VLIET, LLC

_____/s/ Joel S. Aziere_____
Joel S. Aziere (WI Bar No. 1030823)
jaziere@buelowvetter.com
Hunter M. Cone (WI Bar No.: 1123048)
hcone@buelowvetter.com
Buelow Vetter Buikema Olson & Vliet, LLC
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0250

Facsimile: (262) 364-0270

*Attorneys for Defendants Mukwonago Area School District and Joseph Koch*