UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JANE DOE #1 a minor, by her mother,
and next friend, JANE DOE #2**
        **Plaintiff,**

v.                                                             Case No. 23-cv-876

**MUKWONAGO AREA SCHOOL DISTRICT
and JOE KOCH, in his official capacity as
Superintendent of the Mukwonago Area
School District,**
        **Defendants.**

---

### DECISION AND ORDER

Plaintiff ("Jane Doe #1"), a transgender student at defendant Mukwonago Area School District ("MASD"), filed this action by and through her mother ("Jane Doe #2") alleging that the District's Policy 5514 violated her rights by requiring that students "use restroom and locker room facilities . . . according to each student's original sex assigned at birth." ECF No. 1, ¶ 44. On July 11, 2023, I entered a preliminary injunction enjoining the district from enforcing Policy 5514 against plaintiff at any of its facilities. ECF No. 16. Defendant filed an interlocutory appeal as to that injunction which remains pending before the Seventh Circuit Court of Appeals.[1] On December 1, 2023, I granted the parties' joint motion to stay all deadlines and proceedings while defendant's appeal was pending. ECF No. 42. Plaintiff now seeks to lift the stay and dissolve the preliminary injunction, stating

---

[1] *D.P., a minor, by her mother and next friend, A.B. v. Mukwonago Area School District and Joseph Koch*, No. 23-2568 (7th Cir.). As of the writing of this decision, the Seventh Circuit panel issued an opinion on June 12, 2025, but vacated its opinion *sua sponte* in light of the Supreme Court's recent decision *United States v. Skrmetti*, 605 U.S. ___, 145 S.Ct. 1816 (June 18, 2025). The appeal is now pending once again.

that circumstances have changed, and she no longer needs or desires the protection afforded by the injunction. ECF No. 48. She maintains her demand for money damages stemming from past discrimination but is no longer pursuing prospective (i.e., injunctive) relief. Defendant opposes the motion, seeking to keep the injunction in place to preserve the Seventh Circuit's appellate jurisdiction. ECF No. 49.

## I. JURISDICTION

In general, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This transfer of jurisdiction, particularly with interlocutory appeals, is not absolute. For instance, the district court might proceed with the case on the merits and enter final judgment, even when that decision renders the appeal moot. *See Kilty v. Weyerhaeuser Co.*, 758 F.App'x 530, 532 (7th Cir. 2019) (citing *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995)). So long as the district court stays clear of the particular subject on appeal, it can exercise jurisdiction on other aspects of the case without issue.

There is another exception: where the district court lacks jurisdiction due to an appeal, the court of appeals may return jurisdiction to the district court by order. *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12; *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 847 (7th Cir. 2025) (discussing Seventh Circuit remand for the limited purpose of considering a motion, either on a district court's indicative ruling or sua sponte). The Seventh Circuit did so on July 25, 2025. *D.P. v. Mukwonago Area School District, et. al.*, No. 23-2568 (7th Cir. July 25, 2025) ("[T]he district court has our permission to vacate the preliminary injunction if it thinks that step prudent."). An explicit transfer of jurisdiction avoids any risk of the district court and the court of appeals "stepping on each other's toes." *United States*

*v. Ienco*, 126 F.3d 1016, 1018 (7th Cir. 1997) (Posner, J.). Therefore, it would not offend the *Griggs* principle to lift the stay[2] or consider dissolving the preliminary injunction, and I have jurisdiction to do so.

## II. MERITS

At the outset, both parties took orthodox positions. Plaintiff sought a preliminary injunction for immediate relief, defendant opposed that injunction and then appealed when I decided for plaintiff. Now, the circumstances have apparently changed. Plaintiff states that Jane Doe #1 remains a student of MASD, but attends a private alternative school pursuant to her Individualized Education Plan ("IEP") where MASD's bathroom policy has no effect. ECF No. 58 at 2. In addition, Jane Doe #1 had previously attended her older brother's sporting events at Mukwonago High School and needed access to appropriate bathrooms on district property, but her brother recently graduated. ECF No. 48 at 2. Defendant disputes some aspects of plaintiff's characterization, such as the likelihood of Jane Doe #1 returning to MASD as a student in future school years or whether she might participate in extracurricular activities at Mukwonago High School this upcoming school year. *See e.g.,* ECF No. 61 at 5. But at this moment, the preliminary injunction does not appear to have any real-world effect.

---

[2] To briefly address the stay, any decision to pause or resume proceedings falls under the court's inherent power to manage its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). The stay was imposed because I agreed that, at that time, it was best to wait and see. Plaintiff began with a motion to lift the stay, which was proper, but given that the parties have more-than-adequately argued the merits of the underlying motion at this point, the stay order is no hurdle to considering it. In light of this order, I will defer lifting the stay until the court of appeals determines whether or not it will proceed with the pending appeal.

To dissolve a preliminary injunction, the court must ask whether "the expected cost of dissolving the injunction—considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error—[is] greater or less than the expected cost of not dissolving the injunction." *Centurion Reinsurance Co., Ltd. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987). Judge Posner's test seems less helpful where the roles are reversed. Plaintiff seeks to dissolve the injunction entered for her sole benefit, so there is no risk of harm to the plaintiff. Likewise, it is difficult to calculate the direct cost to the parties in abiding by an injunction which is currently moot. The real cost expressed by both parties is litigation cost—plaintiff does not want to waste resources defending an ostensibly moot injunction in court, and defendant fears having to relitigate the appellate issues in this court or again on appeal.

In considering the real litigation cost to both sides, plaintiff's burden is concrete and immediate. The court of appeals has ordered supplemental briefing on weighty issues of law, and plaintiff's brief is set to be drafted and submitted soon. With due regard for the court of appeals' prerogative to act within its own jurisdiction (or not, if it finds that a particular appeal is moot), I take plaintiff's point that defending the preliminary injunction represents a cost without a corresponding benefit. By contrast, defendant's claimed harm is more speculative. It is hard to weigh the extent to which the Seventh Circuit has "called into question" its prior transgender-bathroom cases *Whitaker*[3] and *Martinsville*[4] by way

---

[3] *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034 (7th Cir. 2017).

[4] *A.C. v. Metropolitan Sch. Dist. of Martinsville*, 75 F.4th 760 (7th Cir. 2023).

Case 2:23-cv-00876-LA    Filed 08/21/25    Page 4 of 7    Document 68

of a three-judge panel requesting briefing and dicta from a since-vacated opinion. *See* ECF No. 49 at 6. I remain bound by *Whitaker* and *Martinsville* until the Seventh Circuit or Supreme Court decide to abrogate them, but it seems likely that some clarity could arrive before this case proceeds to dispositive motion or trial.[5] Keeping in mind the parties' concerns for unnecessary or duplicative litigation, I would consider re-staying this case until *Whitaker* is either reaffirmed or overruled if it would serve the interests of judicial economy. Without giving undue weight to the "burden" of ordinary litigation, which is a cost incurred in every case, this is a factor I consider.

More important is the issue of standing, since "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environ. Servs., Inc.*, 528 U.S. 167, 185 (2000). For prospective injunctive relief, "a plaintiff must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 (1983)). "If at any point the plaintiff would not have standing to bring the suit at that time, the case has become moot." *Milwaukee Police Ass'n v. Board of Fire & Police Com'rs of City of Milwaukee*, 708 F.3d 921, 929 (7th Cir. 2013). While the factual permanence of Jane Doe #1's placement in alternative school may be debatable, I am aware of no authority to suggest that a defendant has standing (for lack of a better term) to satisfy Article III's

---

[5] I note that the Seventh Circuit has another pending case presenting similar issues. *See A.C. by M.C. v. Metropolitan School District of Martinsville*, No. 25-1094 (7th Cir.). The Supreme Court also recently granted certiorari for its next term on two potentially impactful cases. *See Little v. Hecox*, No. 24-38, 2025 WL 1829165 (July 3, 2025) (cert granted); *West Virginia v. B.P.J*, No. 24-43, 2025 WL 1829164 (July 3, 2025) (cert granted).

requirement of an injury-in-fact on behalf of an unwilling and objecting plaintiff who has abandoned her claim for injunctive relief.

The closest analogy may be a case where the defendant in a state action removes the case to federal court, and the plaintiff (preferring the state forum) objects, arguing a lack of Article III standing. *See, e.g., Bridgewater v. Americold Logistics, LLC*, No. 21-1348, 2022 WL 1442981 (C.D. Ill. May 6, 2022) (finding Article III standing over the objection of a plaintiff). This reverse posture might also arise in the context of joinder to defeat diversity jurisdiction. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). In such cases, the Seventh Circuit has resolved the issue by flipping the burden: "the party that wants the federal forum," as opposed to a state forum, "is the one that has the burden of establishing the court's authority to hear the case." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). But this rule does not extend so far as to let the defendant substitute itself as the "master of the complaint" and demand unwanted relief for the plaintiff merely to preserve jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Therefore, I am inclined to allow plaintiff to seek only the relief she desires, and to abandon the claims she wishes to abandon.

Lastly, I add that injunctions are tools of equity and must be narrowly tailored, in scope and duration, to provide relief. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ("[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."). And when circumstances change and an injunction no longer provides relief, it may be prudent to vacate it. *See System Fed. No. 91, Ry Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) ("[A]n injunction often requires continuing supervision by the issuing court and always a continuing willingness

6

to apply its powers and processes on behalf of the party who obtained that equitable relief."). There is a cost to enforcing injunctions on an ongoing basis, both in potential time spent addressing violations, and in the specter of a federal court supervising the activities of the parties—here, the bathroom policies of an entire public school district. With no cognizable benefit to the injunction's supposed beneficiary—Jane Doe #1—the cost cannot be justified.

## III. CONCLUSION

For these reasons,

**IT IS ORDERED** that the preliminary injunction (ECF No. 16) is **DISSOLVED**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike plaintiff's reply brief (ECF No. 61) is **DENIED**. Defendant's motion to file a surreply brief (*Id.*) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' motions to seal (ECF Nos. 51, 55, 62), for good cause[6], are **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

---

[6] The parties' unredacted documents did not form the basis of my decision, and "compelling reasons of personal privacy" justify keeping these documents under seal. *See Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).