UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE DOE #1, a minor, by her mother and next friend, JANE DOE #2,

    Plaintiff,

v.

MUKWONAGO AREA SCHOOL DISTRICT and JOE KOCH, in his official capacity as Superintendent of the Mukwonago Area School District,

    Defendants.

Civ. Action No. 2:23-cv-876

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Defendants have filed a Motion for Judgment on the Pleadings, Dkt. No. 72, which asks this Court to consider whether two key Seventh Circuit cases[1] concerning transgender students' restroom use survive the Supreme Court's recent decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025). But the Seventh Circuit itself is actively considering that precise question, in *A.C. v. Metropolitan School District of Martinsville*, No. 25-1094 (7th Cir.) ("*Martinsville II*"). Plaintiff respectfully requests that the Court stay proceedings in this matter pending the Seventh Circuit's resolution of the appeal in *Martinsville II*, and that it deny Defendants' pending Motion for Judgment on the Pleadings without prejudice to refile once the stay is lifted.

This Court recently dissolved the preliminary injunction in this matter at Plaintiff's request based on changed circumstances. Dkt. No. 68. In doing so, the Court noted that it would "defer lifting the stay until the court of appeals determines whether or not it will proceed with the pending appeal," and further noted that "[k]eeping in mind the parties' concerns for unnecessary

---

[1] *Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034 (7th Cir. 2017), and *A.C. v. Metropolitan School District of Martinsville*, 75 F.4th 760 (7th Cir. 2023) ("*Martinsville I*").

or duplicative litigation, [the Court] would consider re-staying this case until *Whitaker* is either reaffirmed or overruled if it would serve the interests of judicial economy." *Id.* at 3, 5.

Following the dissolution of the injunction, Defendants moved the Court to stay proceedings pending a substantive ruling from the Seventh Circuit either in this case or in *Martinsville II*. Dkt. No. 70. The Seventh Circuit dismissed the appeal in this matter on August 26, 2025. Dkt. No. 87, *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, No. 23-2568 (7th Cir. Aug. 26, 2025). Defendants then withdrew their motion to stay, Dkt. No. 71, and filed a Motion for Judgment on the Pleadings, Dkt. No. 72.

Defendants' Motion for Judgment on the Pleadings addresses precisely the same issues that the Court of Appeals is considering in the pending appeal in *Martinsville II*. Briefing in that appeal will be complete on September 24, 2025, *see* Dkt. No. 16, *A.C. v. Metro. Sch. Dist. of Martinsville*, No. 25-1094 (7th Cir. July 23, 2025), and the Seventh Circuit's eventual decision in that case will control the disposition of Defendants' motion here. It would therefore serve the interests of judicial economy and reduce the burden of litigation on the Parties and the Court to stay proceedings in this matter until the Seventh Circuit issues a decision on the merits in *Martinsville II*.

## **LEGAL STANDARD**

The decision to stay proceedings falls under the Court's inherent power to manage its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). *Landis* provides that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. In determining whether to stay proceedings, courts in this district consider several factors, including "(1) whether litigation is at an early stage; (2) whether a stay will simplify the

issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *See Williams v. CashCall, Inc.*, 92 F. Supp. 3d 847, 856 (E.D. Wis. 2015). Courts in the district also consider "whether a stay will reduce the burden of litigation on the parties and on the court[.]" *See Fetai v. State Collection Serv., Inc.*, No. 18-CV-262, 2018 WL 11536801, at *3 (E.D. Wis. Dec. 14, 2018) (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). This latter factor incorporates conserving the parties' resources; indeed, where there is no material distinction to the nonmoving party, even relatively insubstantial costs to the moving party may justify a stay. *Morgan v. Collection Assocs., Ltd.*, No. 12-C-1255, 2013 WL 2634288, at *1 (E.D. Wis. June 11, 2013) (Adelman, J.).

## ARGUMENT

All of four of these factors weigh heavily in favor of staying the proceedings here.

**First**, litigation here is at an early stage, given that the Parties have not yet begun discovery. This factor thus weighs heavily in favor of a stay. *See, e.g.*, *Generac Power Sys. Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 796 (E.D. Wis. 2011) (early stage of litigation favored a stay, where the parties had not held a Rule 16 scheduling conference or engaged in discovery); *Modine Mfg. Co. v. Delphi Auto. Sys., LLC*, No. 00-C258, 2000 WL 33989247, at *1 (E.D. Wis. Dec. 8, 2000) (same, where no trial date had been set); *Russo Trading Co., Inc. v. Donnelly Distrib. LLC*, No. 18-CV-1851-JPS, 2019 WL 1493228, at *2 (E.D. Wis. Apr. 4, 2019) (same, where parties had exchanged written discovery but not conducted depositions).

**Second**, a stay of proceedings would significantly "simplify the issues in question and trial of the case." *Williams*, 92 F. Supp. 3d at 856. The questions before the Seventh Circuit in *Martinsville II* are precisely the same questions this Court would be considering in deciding

3

Defendants' pending motion. The thrust of Defendants' motion for judgment on the pleadings is that the Supreme Court's decision in *Skrmetti* undermined the foundations of the Seventh Circuit's prior decisions in *Whitaker* and *Martinsville I*, and that those precedents no longer support Plaintiff's case. *See, e.g.*, Dkt. No. 73 at 7 (arguing that "[*Whitaker* and *Martinsville*] rest on flawed legal premises and are no longer tenable in light of the Supreme Court's decision in *Skrmetti*."). That is precisely the argument that the appellant school district has put forth in their appellate brief in *Martinsville II*. *See, e.g.*, Dkt. No. 19, *A.C. v. Metro. Sch. Dist. of Martinsville*, No. 25-1094 (7th Cir.), at 15 (arguing the Seventh Circuit "must change course to maintain compliance with *Skrmetti*" by reversing *Whitaker* and *Martinsville I*). The Seventh Circuit will thus be deciding the very issues before this Court, and doing so soon.

To satisfy this factor, a circuit court's expected decision "need not conclusively settle every question in the instant case." *Modine Mfg. Co.*, 2000 WL 33989247, at *1. Rather, "to justify a stay, there only needs to be a likelihood that the decision will shed light upon and simplify the issues presented here." *Id.* The Seventh Circuit's forthcoming decision in *Martinsville II* will undoubtedly do that. The Seventh Circuit's determination of these issues in *Martinsville I* will define the precedent applicable here. And as the Seventh Circuit panel handling the prior appeal in this matter recognized, the "slight differences" between the facts of this case and those of *Whitaker* and *Martinsville I* are immaterial to the legal analysis. *D.P. by A.B. v. Mukwonago Area Sch. Dist.*, 140 F.4th 826, 833 (7th Cir. 2025), *reh'g granted and opinion vacated*, No. 23-2568, 2025 WL 1794428 (7th Cir. June 30, 2025). *See also Tonn & Blank Const., LLC v. Sebelius*, 968 F. Supp. 2d 990, 994 (N.D. Ind. 2013) ("Even if there are some factual differences involved in the cases, . . . the Seventh Circuit's decision . . . will provide precedential guidance on the legal issues surrounding this case."). This factor thus weighs

4

heavily in favor of a stay.

**Third**, a stay here would not unduly prejudice or disadvantage Defendants, the nonmoving party. While Defendants might argue that they are prejudiced by any delay in the litigation, deciding their motion for judgement on the pleadings now will not meaningfully (if at all) speed up the conclusion of this litigation. If the Court were to move forward with briefing and decide Defendants' motion now, that decision would necessarily be tentative and require supplemental briefing or reassessment based on the Seventh Circuit's conclusions in *Martinsville II*, whether here or on appeal. Waiting for the Seventh Circuit's decision, then, would not create any actual delay and thus could not prejudice Defendants. Recognizing this, district courts commonly stay proceedings pending the resolution of an appeal in another case that addresses similar issues and is likely to clarify the applicable law. *See, e.g., Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, No. 16-CV-469-WMC, 2017 WL 4286346, at *8 (W.D. Wis. Sept. 26, 2017); *Modine Mfg. Co.*, 2000 WL 33989247, at *1; *Tonn & Blank Constr.*, 968 F. Supp. 2d at 993. Moreover, even if the stay did cause some amount of delay, "mere delay does not, by itself, constitute undue prejudice." *CeraMedic LLC v. CeramTec GmbH*, No. 3:14-CV-1969-JD-CAN, 2015 WL 13649465, at *2 (N.D. Ind. Mar. 13, 2015). The value of the Seventh Circuit's guidance would outweigh any slight delay. *See Tonn & Blank Const.*, 968 F. Supp. 2d at 994 ("the Court believes that guidance provided by the Seventh Circuit will make up for any delay caused by a temporary stay, and will prevent the Court's determination on issues that may ultimately be supplanted by the Seventh Circuit's decision."). Indeed, until recently Defendants themselves were requesting this stay, further evidencing that it would not unduly prejudice them. *See* Dkt. No. 70.

**Fourth and finally**, a stay of proceedings now would reduce the burden of litigation on the Parties and on the Court. If proceedings are not stayed, the Parties would need to fully brief, and this Court to decide, questions that will be very shortly answered by the Seventh Circuit. No matter how this Court were to decide Defendants' motion for judgment on the pleadings, and regardless of the ultimate outcome of *Martinsville II* at the Seventh Circuit, it is almost inevitable that the parties and the Court will have wasted efforts briefing and deciding this motion. For example, however this Court decides the pending motion, if the Seventh Circuit decision in *Martinsville II* comes out the other way the efforts expended by the Parties and the Court will have been for naught. If, on the other hand, the Seventh Circuit issues a mixed decision, upholding some aspects of *Whitaker* and *Martinsville I* but not others, the Parties' and the Court's efforts briefing and evaluating Defendants' motion will likewise have been wasted, since further briefing would be required to apply the new *Martinsville II* standard in this case. Even if the Seventh Circuit's decision in *Martinsville II* were to mirror in all relevant respects this Court's decision on the motion for judgment on the pleadings, the decision to move forward with evaluating the latter without waiting for the Seventh Circuit's guidance would represent an unnecessary tax on, at a minimum, judicial resources, since the Court's evaluation would be significantly simplified with the benefit of the Seventh Circuit's guidance. In sum, the Seventh Circuit will shortly be deciding the very issues presented here, and this Court will of course be bound by that decision. It would, therefore, be a redundant expenditure of judicial resources for the Court to decide this motion now, and of the Parties' resources to brief it.

Additionally, even if Court were to grant Defendants' motion for judgment on the pleadings (which, to be clear, would be inappropriate given the continued binding force of *Whitaker* and *Martinsville I*) and the eventual decision in *Martinsville II* did not provide grounds

6

for reversal, the denial of a stay now would still cause unnecessary expenditure of resources: in addition to making this Court's analysis more time consuming, it would mean that Plaintiff would likely need to notice her appeal to preserve her claims pending the outcome of the Seventh Circuit decision. Filing and docketing an appeal is not without cost, and the potential for these types of costs can, standing alone, justify granting a stay. *See Morgan*, 2013 WL 2634288 at *1 (granting stay where doing so had the potential to save the plaintiff the cost of filing and docketing an appeal).

For the foregoing reasons, proceeding to brief and decide Defendants' motion now, or otherwise continue with litigation, would not move the litigation forward in any meaningful way. It would, however, come at a significant cost of time and money for the Parties and require the unnecessary expenditure of judicial resources for the Court. This final factor therefore also weighs heavily in favor of granting the stay. *See Morgan*, 2013 WL 2634288 at *1 (granting plaintiff's request to stay proceedings pending the resolution of an appeal in a similar matter, where there was "no practical difference" to the defendant and staying proceedings would save the plaintiff the cost of filing and docketing an appeal in the case at bar); *Modine Mfg. Co.*, 2000 WL 33989247, at *1 ("Although a stay might delay this case for a number of months, the federal circuit's decision may ultimately save the parties time and money by streamlining the issues."); *Tonn & Blank Const.*, 968 F. Supp. 2d at 995 ("No doubt, it would be an unnecessary waste of judicial resources for this Court to engage in the substantially same analysis the Seventh Circuit will embark upon in issuing its decision in the near future."). Indeed, Defendants have themselves recognized that "proceeding now would impose needless expense on the parties and risk conflicting rulings and duplicative litigation once the Seventh Circuit issues its decision." Dkt. No. 70 at 3.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court stay further proceedings in this matter until 30 days after the Seventh Circuit issues a decision on the merits in *A.C. v. Metropolitan School District of Martinsville*, No. 25-1094 (7th Cir.), and that it deny Defendants' pending Motion for Judgment on the Pleadings, Dkt. No. 72, without prejudice to refile said motion once the stay is lifted.


Dated: September 10, 2025                             Respectfully submitted,

*/s/ Alexa Milton*
Alexa Milton
Glenn Schlactus
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Phone: (202) 728-1888
Fax: (202) 728-0848
amilton@relmanlaw.com
gschlactus@relmanlaw.com

Victoria Davis Dávila
Robert (Rock) Theine Pledl
DAVIS & PLEDL S.C.
1661 N. Water Street, Suite 410
Milwaukee, WI 53202
Phone: (414) 667-0390
vldd@davisandpledl.com
rtp@davisandpledl.com

*Attorneys for Plaintiff*